IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES GOSSETT, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )  CASE NO. |
| | ) |
| J. DAVIDSON and | ) |
| LUKE COWAN, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff complains of defendants, stating as follows:

### Nature of the Action

1.      This is a civil action brought by James Gossett against Baldwin County deputies for violating plaintiff's constitutional right, guaranteed by the Fourth Amendment, not to be maliciously prosecuted.

### Jurisdiction and Venue

2.      This action arises under the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3.      This judicial district is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in this judicial district.

**Parties**

4.    James Gossett is of legal age and a citizen and resident of the state of Georgia.  He currently resides in the Atlanta area.

5.    Defendant J. Davidson was a Baldwin County Deputy Sheriff at all relevant times.

6.    Defendant Luke Cowan was a Baldwin County Deputy Sheriff at all relevant times.

7.    The individual defendants are sued in their individual capacities only.

**Facts**

8.    On July 9, 2022, Gossett violated a protection order by making contact with his ex-girlfriend.

9.    On July 13, 2022, Gossett violated a protection order by entering the residence of his ex-girlfriend and their children.

10.    Gossett was not armed and did not do or threaten violence, and his ex-girlfriend did not accuse him of violence or threatening violence, on either July 9 or July 13, 2022.

11.    While Gossett was only guilty of non-violent misdemeanor offenses, the decision was made to charge Gossett with serious violent felonies for which there was not even arguably probable cause.

2

12. Specifically, while knowing Gossett was not guilty of these charges, defendants sought and obtained warrants to arrest Gossett for domestic violence in the first degree based on predicate offenses of aggravated stalking (which requires a "threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm") (Davidson) and first degree burglary offense (which requires the offender to either injure someone or possess explosives or a "deadly weapon or dangerous instrument") (Cowan).

13. The complaints and affidavits submitted by Davidson and Cowan to obtain the warrants do not contain critical facts required to support the charges.

14. Neither the sworn complaint nor the affidavit (called a "deposition") by Davidson regarding the aggravated stalking charge makes any claim that Gossett made any threat.

15. Neither the sworn complaint nor the affidavit (called a "deposition") by Cowan regarding the first degree burglary charge makes any claim that Gossett injured anyone or possessed explosives or a weapon.

16. As a result of the violent felony charges, Gossett was placed in a cell block with dangerous inmates, including Spencer Ray Jerkins, a serial violent offender and convicted murderer with a history of assaulting other inmates.

17. On or about August 29, 2022, Jerkins assaulted Gossett, repeatedly punching Gossett in the face.

18.   Jerkins broke Gossett's nose, crushed his sinus cavities, fractured an eye socket, fractured his forehead plate, and caused a cerebral spinal fluid leak with a brain bleed.

19.   Gossett was taken by helicopter to UAB Hospital, where he underwent surgery to repair the damage.

20.   After a long period of recovery, Gossett is left with a permanently altered appearance. He has three large scars on his face, and the shape of his face has changed due to the use of donor bones to repair the damage.

21.   The violent felonies resulted in high bond amounts that Gossett could not afford to pay, causing him to lose the home he was renting and all of its contents.

22.   Ultimately, Gossett pled guilty to the charge he was actually guilty of– domestic violence third degree (criminal trespass).

23.   The first degree domestic violence (burglary) charge was reduced to third degree domestic violence (criminal trespass).

### Count I - 42 U.S.C. § 1983 - Malicious Prosecution - Davidson

24.   As described above, defendant Davidson initiated legal process against plaintiff without probable cause and pursuant to a defective warrant affidavit. Defendant did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. §

1983. Specifically, defendant violated plaintiff's right to be free from unlawful seizure.

25.    As a result of the conduct of defendant, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation, and has incurred medical bills and other expenses.

### Count II - 42 U.S.C. § 1983 - Malicious Prosecution - Cowan

26.    As described above, defendant Cowan initiated legal process against plaintiff without probable cause and pursuant to a defective warrant affidavit. Defendant did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated plaintiff's right to be free from unlawful seizure.

27.    As a result of the conduct of defendant, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation, and has incurred medical bills and other expenses.

### Other Matters

28.    All conditions precedent to the bringing of this suit have occurred.

### Relief Sought

29.    As relief, plaintiff seeks the following:

a.  That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

b.  That plaintiff be awarded against the individual defendants such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

c.  That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

d.  That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

e.  That plaintiff be awarded appropriate declaratory and injunctive relief; and

f.  That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated January 29, 2024.**

Respectfully submitted,


s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III